DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a conviction for cocaine possession entered on a guilty plea in the Wood County Court of Common Pleas. Because we conclude that appellant's plea was knowingly and intelligently entered, we affirm.
 {¶ 2} On June 5, 2001, Perrysburg police responded to an emergency call at the home of appellant, Richard McClusky. They found appellant, disoriented, lying on a couch. Appellant told police he had been using cocaine for several days and believed that he was overdosing. Police summoned paramedics who stabilized appellant and transported him to a nearby hospital. Blood tests conducted while appellant was hospitalized revealed cocaine and cocaine metabolites in his system.
 {¶ 3} On November 8, 2001, a Wood County Grand Jury handed down a single-count indictment, charging appellant with using cocaine in violation of R.C. 2925.11, a felony in the fifth degree. Appellant pled not guilty, then filed motions to dismiss and, in limine, to bar admission of his medical test results and his statements to medical providers. When the court denied both motions, appellant withdrew his prior plea and pled guilty as charged. In return for his plea, the state agreed to recommend at sentencing that he be placed on community control. The court accepted the plea, found appellant guilty and ordered a presentence investigation.
 {¶ 4} By the time of the sentencing, the judge who had accepted appellant's plea had retired. A second judge handled the sentencing hearing at which appellant was ordered incarcerated for a period of ten months. Appellant now appeals his conviction and sentence, setting forth the following four assignments of error:
 {¶ 5} "I. Appellant's plea was not a knowing and voluntary plea, and was therefore in violation of his rights under the Fifth andFourteenth Amendments to the United States Constitution and under ArticleI, § 10 of the Ohio Constitution.
 {¶ 6} "II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.
 {¶ 7} "III. Appellant is denied due process and his right to an effective appeal as the consequence of a malfunction of recording equipment that prevents transcription of his plea hearing, and failure of the State to cooperate in preparation of an agreed statement pursuant to Appellate Rule 9(C).
 {¶ 8} "IV. Appellant's sentence was contrary to law in that proper findings were not, and could not be made to justify imposition of a prison sentence in this matter."
 I. App.R. 9(C) {¶ 9} Central to appellant's first three assignments of error is the following. Because of construction in the Wood County Courthouse, appellant's plea hearing was held in a domestic relations magistrate's suite. The suite was equipped with a tape-recording device upon which the proceeding was recorded. The recorder malfunctioned and no transcript of the hearing was made.
 {¶ 10} Appellate counsel attempted to fashion an App.R. 9 substitute for a transcript of this hearing, but failed. The judge who presided had retired. Neither appellant nor his trial counsel had specific recollections of the hearing and the state did not aid in fashioning such a statement.
 {¶ 11} Citing State v. Whitaker (Nov. 27, 1991), Henry App. No. 7-91-5, and Crim.R. 22, appellant insists that it is the court's responsibility to record proceedings and that absent such a recording, a defendant is denied his right to pursue an effective appeal.
 {¶ 12} Crim.R. 22 dictates that, "[i]n serious offense cases all proceedings shall be recorded." A "serious offense" is any felony or any misdemeanor for which a defendant may be confined for more than six months. Crim.R. 2(C). Nevertheless, as the Whitaker case upon which appellant relies states, the lack of a transcript of proceeding is not per se prejudicial.
 {¶ 13} In Whitaker, a defendant was tried and convicted of six traffic offenses, including reckless operation. For various reasons, Whitaker's sentencing was delayed seven months, by which time the court's tape recording of the original trial had been erased. When Whitaker appealed, no transcript of the proceeding could be procured. On appeal, the appellate court ruled that while the absence of a transcript might make it more difficult for an appellant to identify error, it does not absolve a defendant of attempting to reconstruct the proceedings though an App.R. 9 substitute. Since Whitaker had failed to comply with App.R. 9(C), the court concluded, he had not met his burden to demonstrate error in the record. In reaching this conclusion, the court stated:
 {¶ 14} "Appellant argued that because of the long delay between the trial and the sentencing (more than seven months) memories of the trial had faded to the extent that the trial counsel, the prosecutor, and the appellant were of little or no help in providing information pursuant to App.R. 9(C). Nevertheless, appellant failed to present affidavits from these individuals in order to substantiate that state of affairs. An appellant's right to appeal is prejudiced only when he affirmatively shows that a transcript is unavailable and that it is impossible for him to create a statement of the evidence through the means provided in App.R. 9(C)." Whitaker, supra.
 {¶ 15} In this case, appellate counsel has provided affidavits of appellant and trial counsel who disavow any detailed recollection of the plea hearing. It is undisputed that the judge who presided over this hearing is now retired and appellate counsel attaches correspondence with the prosecutor's office in which the trial prosecutor declines to supply a statement. This, appellant insists, satisfies the requirements that theWhitaker court set forth for showing prejudice from the lack of a record. Consequently, appellant maintains, his plea should be set aside.
 {¶ 16} The Whitaker holding is that a court's failure to comply with Crim.R. 22 is not inherently prejudicial given the alternative to a transcript available under App.R. 9. The court's opinion of what might hypothetically constitute prejudice is obiter dictum. Moreover, Whitaker
is distinguishable from the present matter. That was a trial, this is a plea. The record here contains a detailed judgment entry in which the court recites compliance with Crim.R. 11 and references a plea agreement which, according to the entry, was read into the record. The record also contains a written original of the plea agreement. Indeed, the only thing that even appellant can point to that was omitted from these documents are the exact words the prosecuting attorney used to describe appellant's offense. The judgment entry states that,
 {¶ 17} "The state read into the record the nature of the evidence it would have presented at trial. Counsel for defendant did not take exception to the state's representations and acknowledged that said evidence would be sufficient to support a conviction. The court determined from the representations made by the state that there is a factual basis for the plea of guilty.[1] The court further found that the defendant's plea was voluntarily, knowingly and intelligently made.
 {¶ 18} "Upon inquiry, both counsel concurred that the court has fully and accurately informed the defendant of all the advisories required by law before the taking of a guilty plea."
 {¶ 19} The judgment entry on plea and the plea agreement which is included in the record are as detailed, if not more detailed, than many App.R. 9 statements we have seen. Neither appellant, his trial counsel nor, apparently, the court has any recollection of any irregularity in the plea hearing. Appellant, therefore, has presented nothing which would undermine the presumption of regularity that is accorded all judicial proceedings. State v. Sweet (1995), 72 Ohio St.3d 375, 376. Consequently, we must conclude that the absence of a transcript of the plea hearing in this matter did not operate to appellant's prejudice. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 20} A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). A counseled guilty plea voluntarily and knowingly given removes the issue of factual guilt from the case. Statev. Siders (1992), 78 Ohio App.3d 699, 701, citing Menna v. New York
(1975), 423 U.S. 61, 62. When a defendant pleads guilty as part of a plea bargain, he waives all appealable errors which may have occurred at trial unless such errors precluded the defendant from entering a knowing and voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244, 248, citingState v. Kelly (1991), 57 Ohio St.3d 127. A guilty plea even waives the right to claim that a defendant was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id. at 299; UnitedStates v. Broce (1988), 488 U.S. 563, 574.
 {¶ 21} Here, appellant's claims for both ineffective assistance and the lack of a knowing, voluntary plea are that (1) had he known that the judge who accepted his plea would not be the judge who sentenced him, he might not have pled guilty, and (2) because the trial court's denial of his motion in limine and motion to dismiss was interlocutory, a ruling during trial on these motions might have been different, therefore, trial counsel was ineffective for not recommending that the case go to trial.
 {¶ 22} There is nothing in the record to suggest that the identity of the sentencing judge would have made any difference in appellant's plea decision. The same is true of the decision to forego testing the court's interlocutory evidentiary rulings. As a result, there is nothing to suggest that appellant's plea was not knowingly and intelligently given and there is substantial material in the record to demonstrate that it was. Accordingly, appellant's first assignment of error is not well-taken and this forecloses appellant's second assignment of error, which too, is not well-taken.[2]
 II. Sentencing {¶ 23} In his final assignment of error, appellant complains that the sentencing court failed to make two statutorily mandated findings in its judgment entry on sentencing. According to appellant, the judgment entry fails to reflect a finding that he was not amenable to community control as required by R.C. 2929.13(B)(2) and failed to show a finding of an R.C. 2929.12(C)(3) mitigating factor. Appellant concedes that the trial court did orally make an R.C. 2929.13(B)(2) finding, but insists that because a court speaks only through its journal, an oral finding is insufficient.
 {¶ 24} An oral finding during a sentencing hearing is sufficient to satisfy the felony sentencing statutes. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 18.
 {¶ 25} With respect to the court's failure to find in mitigation that appellant did not cause physical harm to any person or property, R.C. 2929.12(C) directs consideration of conduct which might make an offender's crime more or less serious only with respect to considerations "that apply." The trial court apparently concluded that whether or not physical harm was intended by appellant's drug abuse was not relevant as a sentencing factor. We cannot say that this determination was erroneous. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 26} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., Arlene Singer, J., Concur.
[1] It is unnecessary for a trial court to assess the factual basis of a charge on a guilty plea. State v. Ricks (1976), 48 Ohio App.2d 128,131.
[2] Independently, appellant fails to establish ineffective assistance of counsel as it is defined in Strickland v. Washington (1984),466 U.S. 668, and State v. Lytle (1976), 48 Ohio St.2d 391,396-397.