DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a guilty plea and sentencing for child endangerment in the Lucas County Court of Common Pleas.
 {¶ 2} When Ashley Ortliff worked, the father of her child, appellant Ruben Gonzalez, was to care for the couple's 13-month-old daughter. On April 12, 2003, when Ashley returned home, however, she found the baby bruised, unresponsive and lethargic. Appellant said the child had fallen in the bathtub.
 {¶ 3} When the couple took the child to the emergency room, physicians found the infant's injuries inconsistent with appellant's report of a fall. The child had a fractured skull, lacerated liver and multiple contusions and abrasions of the face, chest and abdomen. On questioning, appellant admitted that he struck the child, but insisted that he had done so only once. He could not explain how a single blow could account for all the child's injuries.
 {¶ 4} On May 17, 2004, a Lucas County Grand Jury indicted appellant on alternative counts of child endangerment: one a third degree felony, the other a second degree felony. Appellant eventually pled guilty to child endangerment as a second degree felony in return for the state's recommendation that he receive a term of incarceration of no more than five years. The trial court accepted the plea, however, following a presentence investigation, chose to impose a seven year sentence.
 {¶ 5} From this judgment of conviction and sentence, appellant now brings this appeal.
 {¶ 6} Pursuant to Anders v. California (1967),386 U.S. 738, appellant's appointed counsel has filed a motion to withdraw, accompanied by an affidavit in which counsel avers that she has thoroughly reviewed the record in this matter and found it "devoid of error." In conformity with Anders, counsel has filed a brief in which she discusses two areas which she considered, yet rejected as unsupported in the record: (1) whether appellant received effective assistance of counsel, and (2) whether appellant's sentence was in conformity with the law. A copy of appellant's brief has been provided to appellant, along with correspondence advising him of his right to raise his own assignments of error and submit his own brief. Appellant has filed no brief in this matter.
 I. Ineffective Assistance of Counsel {¶ 7} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v.Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 8} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra.
 {¶ 9} When a defendant pleads guilty, he or she waives all appealable errors which occurred prior to the plea, unless such errors precluded the defendant from entering a knowing and voluntary plea. State v. McClusky, 6th Dist. No. WD-05-018,2004-Ohio-85, at ¶ 20, citing State v. Barnett (1991),73 Ohio App.3d 244, 248. A guilty plea waives even the right to claim that the defendant was prejudiced by ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id.;United States v. Broce (1988), 488 U.S. 563, 574.
 {¶ 10} There is nothing in the record to suggest that trial counsel's performance was deficient or that any act or omission of counsel made appellant's plea not knowing or voluntary. Accordingly, appellant's first potential assignment of error is without merit.
 II. Sentencing {¶ 11} A conviction of a second degree felony carries with it the presumption that a term of incarceration will be imposed. R.C. 2929.13(D). The prison terms which may be imposed for a second degree felony range in one year increments of definite terms from two to eight years. R.C. 2929.14(A)(2). The presumption is that one of these sentences, "* * * is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]." R.C. 2929.13(D). Appellant has not been sentenced to maximum or consecutive sentences, so no specific findings are required pursuant to R.C. 2929.19(B)(2) or2929.14(E). Since appellant has not been previously imprisoned, under R.C. 2929.14(B), he would ordinarily have been sentenced to the minimum applicable sentence; however, the court found that, with the degree of violence here inflicted upon a helpless child, a minimum sentence would demean the seriousness of the offense. Such a finding, if supported by the record; negates the statutory presumption for minimum sentencing. The only appealable sentencing issue, then, is whether the record supports the court's determination that a minimum sentence would demean the seriousness of the offense, pursuant to R.C. 2929.14(B)(2).
 {¶ 12} The court noted at sentencing that appellant had inflicted serious physical and possibly permanent psychological injuries on a defenseless child in whom he had been entrusted the care and protection. The court characterized appellant's acts as a "violent, aggressive, angry attack," facilitated by appellant's relationship to the child and for which, the court concluded, appellant showed little remorse. These specific observations are supported by the record, therefore, there is ample justification in the record for the court's conclusion that a minimum sentence would demean the seriousness of the offense. Accordingly, appellant's second potential assignment of error is without merit.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.