DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Antonio Gonzalez, appeals from a judgment of conviction and sentence entered against him by the Lucas County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} Appellant was indicted for the rape and felonious assault of his wife's five-year old niece. The indictments were brought in two Lucas County Common Pleas cases, numbered CR-0200502306-000 and CR-0200502477-000, respectively. In case number CR-0200502306-000, the indictment charged appellant with four counts of rape, in violation of R.C. 2907.02(A)(1)(b). In case number CR-0200502477-000, the indictment charged appellant with a single count of felonious assault, in violation of R.C. 2903.11(B)(3). Although the two cases were never officially consolidated, they were assigned to the same trial court judge pursuant to Lucas County Common Pleas Court local rules.
 {¶ 3} On November 7, 2005, appellant withdrew his former pleas of not guilty to all of the charges, and entered pleas of guilty to four counts of rape, as amended by the state of Ohio, and to a single count of felonious assault, as originally charged. The guilty pleas were all entered pursuant to North Carolina v. Alford (1970), 400 U.S. 25. The trial court accepted appellant's pleas and made findings of guilt based upon the state of Ohio's statement of the evidence that would have been presented had the matter gone to trial.
 {¶ 4} The statement of the evidence provided that appellant: 1) had performed cunnilingus on his young victim; 2) had placed his penis in her mouth; 3) had penetrated her anally with an object; 4) had penetrated her vaginally with an object; and 5) knew, at the time of the rape, that he was HIV positive.
 {¶ 5} On January 3, 2006, the trial court sentenced appellant to maximum, consecutive sentences as to each count. Specifically, he was sentenced to serve ten years of imprisonment on each of the four counts of rape, and eight years of imprisonment on the single count of felonious assault. Thus, appellant was sentenced to serve an aggregate of 48 years imprisonment. On January 9, 2006, six days after the original sentencing hearing, the trial court convened a second sentence-related hearing in an attempt to clarify the sufficiency of the trial court's findings supporting maximum, consecutive sentences on the four counts of rape.
 {¶ 6} Appellant now appeals those convictions and sentences, raising the following assignments of error:
 {¶ 7} I. "THE TRIAL COURT ERRED IN ACCEPTING MR. GONZALEZ'S PLEAS OF GUILTY PURSUANT TO NORTH CAROLINA V. ALFORD AND SUBSEQUENTLY FINDING HIM GUILTY AS TO THE FOUR COUNTS OF RAPE AND SINGLE COUNT OF FELONIOUS ASSAULT BECAUSE MR. GONZALEZ'S PLEA WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT AND BECAUSE HIS PLEA BARGAIN WAS WITHOUT CONSIDERATION, IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 {¶ 8} II. "THE TRIAL COURT ERRED IN FINDING MR. GONZALEZ GUILTY OF FELONIOUS ASSAULT UNDER R.C. 2903.11(B)(3) BECAUSE THE EVIDENCE PRESENTED BY WAY OF STATEMENT BY THE STATE OF OHIO WAS INSUFFICIENT AS A MATTER OF LAW TO SATISFY EACH AND EVERY ELEMENT OF THE OFFENSE AND BASED UPON THAT STATEMENT, THE TRIAL COURT SHOULD HAVE FOUND DEFENDANT/APPELLANT NOT GUILTY. THIS ERROR VIOLATED DEFENDANT/APPELLANT'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 {¶ 9} III. "MR. GONZALEZ'S SENTENCE IS UNCONSTITUTIONAL BECAUSE IT VIOLATES HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 {¶ 10} IV. "MR. GONZALEZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT HIS PLEA AND SENTENCING, IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, WHEN TRIAL COUNSEL (1) ADVISED THE DEFENDANT TO ENTER INTO PLEAS AND WAIVE HIS RIGHTS WITHOUT ANY BENEFIT, AS RAISED IN ASSIGNMENT OF ERROR NO. 1,SUPRA; (2) FAILED TO OBJECT TO THE TRIAL COURT FINDING THE DEFENDANT GUILTY OF FELONIOUS ASSAULT AS RAISED IN ASSIGNMENT OF ERROR NO. 2,SUPRA, AND (3) FAILED TO OBJECT TO THE TRIAL COURT IMPOSING SENTENCES GREATER THAN MINIMUM, CONCURRENT SENTENCES, AS RAISED IN ASSIGNMENT OF ERROR NO. 3, SUPRA."
 {¶ 11} Appellant argues in his first assignment of error that the trial court erred in accepting his plea: first, because the plea was not knowingly, voluntarily, and intelligently made; and second, because there was no consideration for the plea. Both of these claims have their basis in the indictment for rape in case number CR-0200502306000. All four counts of rape in that indictment contain the identical language, which is as follows:
 {¶ 12} "THE JURORS OF THE GRAND JURY of the State of Ohio, within and for Lucas County, Ohio, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Antonio Gonzalez, on or about the 12th day of June, 2005, in Lucas County, Ohio, did engage in sexual conduct with another who was not the spouse of the offender,when the other person was less than thirteen (10) years of age, whether or not the offender knew the age of the other person, in violation of§ 2907.02(A)(1)(b) OF THE REVISED CODE, RAPE, BEING A FELONYPUBISHABLE [sic] PURSUANT TO § 2907.02(B), contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio." (Emphasis added in bold italics.)
 {¶ 13} Under Ohio law, an offender charged and convicted under R.C.2907.02(A)(1)(b) and sentenced pursuant to R.C. 2907.02(B) will receive a first-degree definite sentence of from three to ten years, if the charge states that the victim was under 13-years old, or a life sentence, if the charge states that the victim was under ten-years old. In appellant's case, the language of the indictment contains an inconsistency where it states the finding that he engaged in sexual conduct with another who was not his spouse, "when the other person wasless than thirteen (10) years of age * * * ."
 {¶ 14} Appellant argues that the inconsistency must be construed in his favor; that is, it must be construed as referring to a victim less than 13 years of age, and, as such, compels the conclusion that appellant was never under a threat of a life sentence. In support of this position, appellant cites R.C. 1.46 and R.C. 2901.04, both of which would appear to be, at best, only marginally relevant, in that they provide guidance for interpreting Ohio Revised Code statutes, and not criminal indictments.[1]
 {¶ 15} Appellant goes on to argue that he pled to the indictments as amended in order to avoid the possibility of being sentenced to serve a life sentence, but because, in his opinion, he was never actually faced with such a sentence: 1) the plea was not knowingly, voluntarily, and intelligently made; and 2) the plea agreement is void for lack of consideration.
 {¶ 16} We begin by noting that "[w]hen a defendant pleads guilty, he or she waives all appealable errors which occurred prior to the plea, unless such errors precluded the defendant from entering a knowing and voluntary plea." State v. Gonzalez, 6th Dist. No. L-05-1061,2005-Ohio-6845, ¶ 9. As discussed above, the error at issue involves inconsistent language contained in the indictment for rape. Although appellant tries to make much of this inconsistency, the record is clear that, in fact, it is nothing more than a typographical error that resulted in no unfair prejudice to appellant. First, the parties do not dispute that the court had a factual basis for the pleas or that the rape charges involved a 5-year old victim. In addition, appellant was expressly advised of the typographical error before his Alford plea was accepted by the trial court. Finally, appellant does not disagree with the state's assertion that, had he only asked, the indictment could have been amended to correct the error at any time prior to the entry of his guilty plea.[2] On the basis of the foregoing, we find that the error contained in the indictment for rape in no way precluded appellant from entering a knowing and voluntary plea, and, therefore, the matter was waived on appeal. See, State v. Gonzalez, 6th Dist. No. L-05-1061,2005-Ohio-6845.
 {¶ 17} Even assuming, arguendo, that appellant was only ever charged with raping a victim under the age of 13 — rather than under the age of ten, as the evidence clearly suggests is actually the case — there is no reason to find other than that the plea agreement, in which appellant plead guilty to properly-leveled charges, is legally sound. In briefly examining appellant's claim that the plea agreement is "void for lack of consideration" (to the extent that appellant failed to receive the apparently expected benefit of a less-than-maximum sentence), we note that appellant fails to cite, and this court's research fails to reveal, any authority supporting this theory of relief in connection with a plea agreement.
 {¶ 18} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.
 {¶ 19} Appellant argues in his second assignment of error that the trial court erred in finding him guilty of felonious assault, in violation of R.C. 2903.11(B)(3), because the evidence presented by the state was insufficient as a matter of law to satisfy each and every element of that offense. R.C. 2903.11(B)(3) relevantly provides:
 {¶ 20} "(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly do any of the following:
 {¶ 21} "* * *
 {¶ 22} "(3) Engage in sexual conduct with a person under eighteen years of age who is not the spouse of the offender."
 {¶ 23} The state, in its statement of the evidence, provided that appellant raped his child victim, clearly not his spouse, "knowing that he was HIV positive." According to appellant, the statement that heknew he was HIV positive did not satisfy the statutory requirement that he have knowledge that he "tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome." R.C. 2903.11(B)(3) (emphasis added). We are not persuaded by this argument. As argued by the state, appellant could not have known he was HIV positive unless he had previously tested positive. Stated conversely, absent an HIV test, appellant may well have suspected that he was HIV positive, but he could not have known. The prosecutor's statement in this case was sufficient to establish each of the elements of felonious assault. Accordingly, appellant's second assignment of error is found not well taken.
 {¶ 24} Appellant argues in his third assignment of error that his sentence is unconstitutional pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, supra, the Supreme Court of Ohio held that certain sections of Ohio's felony sentencing scheme, in particular those which involved judicial fact-finding, were unconstitutional. Among the sections affected by this decision were R.C. 2929.14(B), which relates to nonminimum sentences, and R.C. 2929.14(E)(4), which relates to consecutive sentences. Id., at paragraph one of the syllabus. Because the trial court relied upon these formerly mandated but now declared unconstitutional sections, we are required to find appellant's third assignment of error well-taken and to remand this matter for resentencing.
 {¶ 25} Finally, appellant argues in his fourth assignment of error that he received ineffective assistance of counsel at his plea and sentencing, in violation of his constitutional rights. Specifically, appellant argues that his counsel erred: 1) in advising him to enter into the plea agreement and to waive his constitutional rights for the purpose of avoiding a life sentence where he was never at risk for a life sentence; 2) in failing to object to the trial court's finding of guilt to felonious assault where the state failed to provide sufficient evidence of appellant's knowledge of having tested positive for the HIV virus; and 3) in failing to raise Foster issues.
 {¶ 26} The United States Supreme Court devised a two-prong test to determine ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, a defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment. Id. Second, he must establish that that constitutionally deficient performance actually prejudiced his defense. Id.
 {¶ 27} Here, appellant merely asserts that his trial counsel was ineffective in permitting the alleged errors in the first three assignments of error to occur. But, as set forth above in our discussions of appellant's first and second assignments of error, there was no error in connection with appellant's plea. Regarding appellant's third assignment of error, we note that at the time of appellant's sentencing on January 3 and 9, 2006, the case upon which appellant bases this assignment of error — State v. Foster, supra — had not yet been decided. On the basis of the foregoing, we find that, contrary to appellant's claim, defense counsel confronted no error to object to or correct in this case. Accordingly, the first prong of theStrickland test is not satisfied. Appellant's fourth assignment of error is therefore found not well-taken.
 {¶ 28} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. Appellant's conviction is affirmed, his sentence is vacated, and this cause is remanded for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
William J. Skow, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Under R.C. 1.46, "[i]f there is a conflict between figures and words in expressing a number, the words govern." Under R.C. 2901.04(A), "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
[2] See Crim.R. 7(D), which governs the amendment of indictments, and pertinently provides: "The court may at any time before, during, or after a trial amend the indictment * * *, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."