DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dwayne Foster, appeals the judgment of the Wood County Court of Common Pleas. On May 4, 2005, appellant entered a plea of guilty to one count of trafficking in cocaine with a major drug offender specification, a violation of R.C. 2925.03(A)(1), (C)(4)(g) and a felony of the first degree, and one count of trafficking in cocaine, unspecified, a violation of R.C. 2925.03(A)(1), (C)(4)(g) and a felony of the first *Page 2 
degree. In exchange for appellant's plea, the state moved to amend the indictment to dismiss a major drug offender specification for the second count of trafficking in cocaine, and to dismiss a third count of engaging in a pattern of corrupt activity, a violation of R.C.2923.32(A)(1) and a felony of the first degree.
 {¶ 2} The trial court accepted appellant's plea and entered a conviction. Pursuant to agreement, the state recommended a sentence for both offenses totaling 12 years incarceration but recommended mandatory fines and suspension of appellant's driver's license for each count. Appellant filed an affidavit of indigency and requested suspension of the fines.
 {¶ 3} For Count 1, trafficking in cocaine with a MDO specification, the trial court sentenced appellant to a term of two years plus a mandatory term of ten years consecutive incarceration for the MDO specification and suspension of appellant's driver's license for three years. For Count 2, appellant was sentenced to a term of nine years incarceration and his driver's license was suspended for three years. The terms for both counts were ordered to run concurrently for a total term of 12 years incarceration. The trial court suspended a fine of $10,000 given appellant's indigency.
 {¶ 4} Appellant's counsel has, pursuant to Anders v. California
(1967), 386 U.S. 738, submitted a request to withdraw as appellate counsel. If appellate counsel, following a conscientious examination of his case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744. See, also, State v. Duncan (1978), 57 Ohio App.2d 93. As required byAnders, appellant's counsel has submitted a brief indicating potential issues for appeal, has mailed *Page 3 
a copy of the brief to appellant, and has notified him of his opportunity to submit an appellate brief Appellant filed a "motion to strike Anders brief from the record/request to present meritorious issues" in which he requested that we appoint new appellate counsel. We denied the motion, but considered the portions of appellant's motion raising meritorious issues as his pro se brief. The state has filed a brief and appellant filed a pro se reply brief.
 {¶ 5} Anders, supra, requires us to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. Upon consideration, we conclude that counsel's brief satisfies the requirements of Anders.
 {¶ 6} Appellant's appellate counsel has presented one potential assignment of error for review:
 {¶ 7} "Appellant's sentence is contrary to law in that it is unconstitutional and in violation of the Sixth Amendment to the United States Constitution."
 {¶ 8} Appellant was convicted of violating R.C. 2925.03(A)(1) and R.C.2925.03(C)(4)(g), which provide:
 {¶ 9} "(A) No person shall knowingly * * *
 {¶ 10} "(1) Sell or offer to sell a controlled substance;
 {¶ 11} "* * *
 {¶ 12} "If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack *Page 4 
cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree andmay impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code." R.C. 2925.03(C)(4)(g).
 {¶ 13} Appellant argues that his sentence is contrary to law because the MDO specification required judicial fact-findings in violation of the Sixth Amendment as stated in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. With respect to MDO specifications, Foster held:
 {¶ 14} "For the major drug offender, R.C. 2929.14(D)(3)(a) requires that a ten-year term be imposed, and that term cannot be reduced. The determination that a defendant is a major drug offender is dependent upon the amount of the controlled substance. Subsection (b), however, provides: `The court * * * may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section,makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section.' (Emphasis added.)
 {¶ 15} "As with R.C. 2929.14(D)(2)(b), R.C. 2929.14(D)(3)(b) cannot withstand a Blakely challenge, because judicial fact-finding is required, and a court may not add the additional penalties based solely on the jury's verdict." State v. Foster, 2006-Ohio-856, ¶ 79-80. *Page 5 
 {¶ 16} The Foster decision found the severance remedy ofBooker to be most appropriate, and severed R.C. 2929.14(D)(3)(b). Id., ¶ 99. "After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications." Id.
 {¶ 17} Thus, before Foster, the trial court would have been required to impose a mandatory ten year term of incarceration for the felony of the first degree and make judicial findings pursuant to R.C.2929.14(D)(3)(b) in order to impose an additional term of incarceration for the MDO specification. Here, the trial court imposed the mandatory ten year term and ordered an additional consecutive two year term. However, the trial court did not make either of the findings required at the time by R.C. 2929.14(D)(3)(b) which Foster subsequently prohibited. Since no judicial findings supported the additional two year term for Count 1, appellant's sentence does not run afoul of Foster. SeeFoster, 2006-Ohio-856, ¶ 81. Also, as noted above, the sentence in this case was an agreed-upon, or jointly recommended, sentence. An agreed-upon sentence is not subject to appellate review unless it is not "authorized by law", pursuant to R.C. 2953.08(D). State v. Harris, 6th Dist. No. S-05-014, 2006-Ohio-1395, at ¶ 13. After Foster, appellant's sentence is authorized by law, since the trial court did not make any judicial findings in support of the sentence in violation of theSixth Amendment. Appellant's counsel's proposed assignment of error is not well-taken.
 {¶ 18} In his pro se brief, appellant echoes the argument in his appointed counsel's proposed assignment of error and adds one additional assignment of error: *Page 6 
 {¶ 19} "Trial counsel was ineffective in failing to raise or preserve an objection to this sentence."
 {¶ 20} We have held that, where a criminal defendant was sentenced prior to the announcement of State v. Foster on February 27, 2006, the defendant's trial counsel is not deficient for failing to raise aBlakely objection. State v. Gonzales, 6th Dist. Nos. L-06-1047, L-06-1048, 2006-Ohio-6458, ¶ 27. An attorney's performance does not fall "below an objective standard of reasonableness" for failing to anticipate how the Ohio Supreme Court would rule on the application ofApprendi and its progeny to Ohio's sentencing scheme.
 {¶ 21} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 22} For the foregoing reasons, appellant's counsel's proposed assignment of error is found to be without merit, and appellant's additional assignment of error is not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1