[Cite as *Cleveland v. McGervey*, 2022-Ohio-3911.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,             :

                                      No. 110770

    v.                              :

BRIDGET MCGERVEY,                           :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 3, 2022

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020-CRB-004886

---

*Appearances:*

Mark Griffin, Cleveland Law Director, Aqueelah A. Jordan, Chief Prosecuting Attorney, and Leslie C. Weston, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Addison M. Spriggs, Assistant State Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Bridget McGervey ("McGervey"), appeals from her conviction following a bench trial. She raises the following assignments of error for review:

1. The trial court's failure to provide an adequate recording of Ms. McGervey's trial court proceedings constitutes a violation of her due process rights on appeal. Appellate Rule 9(A)(2) and the Fifth and Fourteenth Amendments to the United States Constitution, and Ohio Constitution, Article I, Section 10.

2. The trial court erred by not conducting a hearing or ordering a competency evaluation of Ms. McGervey before convicting her of a crime. Fifth, and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Section 10; *Drope v. Missouri*, 420 U.S. 162, 171-172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); R.C. 2945.37(B).

3. Ms. McGervey was denied the effective assistance of counsel when her attorney failed to request a competency evaluation prior to trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Sixth and Fourteenth Amendments, United States Constitution; Article I, Sections 10 and 16, Ohio Constitution.

{¶ 2} After careful review of the record and relevant case law, we vacate McGervey's conviction and remand the matter for a new trial.

## I. Procedural and Factual History

{¶ 3} On May 15, 2020, a complaint was filed against McGervey in the Cleveland Municipal Court, charging her with aggravated menacing in violation of Cleveland Codified Ordinances ("C.C.O.") 621.06 and aggravated disorderly conduct in violation of C.C.O. 605.03(a)(1). The complaint stemmed from allegations that McGervey verbally threatened the victim, D.W., who was acting in the course and scope of his employment as a security guard for a shopping center located in Cleveland, Ohio. The complaint further alleged that, at the time of her arrest, McGervey "repeatedly ignored commands to stop threatening to do harm to others, shouting, cursing, and using racial slurs." (Complaint and Statement of Facts, May 16, 2020.)

{¶ 4} Following several continuances, the parties agreed to bifurcate the charges and proceed to a bench trial on the aggravated disorderly conduct offense. Relevant to this appeal, a substantial portion of the bench trial was not captured by the court's audio-recording system. The available transcript begins in the midst of the prosecutor's cross-examination of McGervey. Thus, the entirety of the city's case-in-chief is not part of this record. In addition, the majority of the defense's case-in-chief, including McGervey's direct-examination testimony, is not part of this record.

{¶ 5} Regarding the pertinent facts supporting the city's allegations against McGervey, however, the record does include video footage captured by the body camera of the arresting officer, Officer Wesley Farra ("Officer Farra") of the Cleveland Police Department. The video footage depicts McGervey's interaction with the arresting officer following her altercation with the victim, D.W.

{¶ 6} At the conclusion of trial, the court found McGervey guilty of aggravated disorderly conduct, a misdemeanor of the first degree. In support of its verdict, the trial court stated, in relevant part:

> On that video on that day, you were out of control. I don't know if it's because you think that you can or if it's because of a mental health issue. I don't know, because there has been no professional mental health evaluation.
>
> * * *
>
> You don't get to act like that and come in here and claim victim. You don't get to do it. People do less than that and get treated far worse. Nobody would look at that video and think that you were under attack.
>
> * * *

> If you thought that you were under attack, then that to me is grounds for you to have a mental health evaluation.  * * *
>
> It's gonna be trial had.  Found guilty.

(Tr. 17-19.)

**{¶ 7}** Upon rendering its verdict, the trial court referred McGervey to the county probation department for the completion of a presentence-investigation report.  In addition, the court referred McGervey to the court's psychiatric clinic to complete a mental-health evaluation pursuant to R.C. 2947.06(B).

**{¶ 8}** On December 16, 2020, McGervey participated in a mental-health evaluation in accordance with the court's order.  A mitigation report was issued by the county psychiatric clinic on December 22, 2020.[1]

**{¶ 9}** On December 28, 2020, the city dismissed the aggravated menacing offense without prejudice.

**{¶ 10}** On January 11, 2021, McGervey appeared before the court for sentencing on her aggravated disorderly conduct conviction.  McGervey was sentenced to 180 days in jail, suspended; a fine in the amount of $1,000; and a two-year period of active probation "with participation in the Mental Health Court."  In addition, McGervey was ordered to complete the court's Community Orientation Program and 80 hours of community work service.

---

[1] For clarity, we note that the mitigation report, including the findings reached by the court's forensic psychiatrist, has been filed under seal, and therefore, is not available for public consumption.

{¶ 11} On September 8, 2021, this court granted McGervey leave to file a delayed appeal. On January 19, 2022, McGervey filed a "Notice of Inability to Comply Under App.R. 9(C)."[2] In the motion, McGervey alleged that she could not cure the defects in the missing transcript by preparing a statement of the evidence pursuant to App.R. 9(C) due to (1) trial counsel's limited recollection of the bench trial, and (2) health-related issues that have impaired her own recollection of the trial. The motion was supported by the affidavit of the court reporter who averred that he was "unable to produce the [entire] transcript because the ER (electronic recording) for [December 14, 2020] could not be located on the network server." The court reporter explained that "a review of the Jefferson Audio/Video Systems (JAVS), indicate[d] that the recording system was not turned on until 1:14:31 p.m."

{¶ 12} McGervey now appeals her conviction.

## II. Law and Analysis

## A. Transcript of Proceedings

{¶ 13} In her first assignment of error, McGervey argues the trial court violated her right to due process by failing to provide an adequate recording of the trial proceedings. McGervey contends that in the absence of a memorialized transcript, proper appellate review is not possible. Thus, McGervey submits that her conviction should be reversed or, in the alternative, a new trial should be ordered.

---

[2] This filing and McGervey's brief on appeal have been redacted to restrict public access to sensitive information in accordance with Sup.R. 45(E).

{¶ 14} Pertinent to this appeal, Crim.R. 22, titled "Recording of Proceedings," provides as follows:

In serious offense cases all proceedings shall be recorded.

In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, *and if requested by any party all proceedings shall be recorded.*

Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device.

(Emphasis added.)

{¶ 15} Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." In turn, a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Here, McGervey was found guilty of aggravated disorderly conduct, a misdemeanor of the first degree, punishable by a maximum sentence of six months. R.C. 2929.24(A)(1). Thus, as it pertains to Crim.R. 22, the parties do not dispute that the offense of aggravated disorderly conduct is a petty offense. *See State v. Decola*, 11th Dist. Ashtabula No. 2016-A-0037, 2017-Ohio-4232, ¶ 21.

{¶ 16} In this case, the record on appeal does not contain a written request by either party for the trial proceedings to be recorded. Given the deficiencies in the record, however, we have no basis to conclude whether a request was orally made. In this regard, it is telling that the court's recording system was, in fact, utilized during McGervey's trial, albeit in an untimely fashion. The nature of the recording suggests that the parties believed the court's recording system was being utilized throughout the entirety of the trial. The defect in the recording was not discovered

until the transcript of the proceedings was requested and the court reporter discovered that the court's recording system was not "turned on" until the trial was well under way. The trial court similarly expressed confusion with the missing portions of the trial transcript during a hearing held on July 1, 2021, stating that it was unclear why the entire trial was not recorded. (July 1, 2021 hearing, tr. 2.) Under these circumstances, we find the court's failure to record the proceeding by adequate means was the product of an oversight or technological malfunction that was beyond the parties' control.

{¶ 17} With that said, however, the court's failure to comply with the requirements of Crim.R. 22 does not end our inquiry. As noted by the Ohio Supreme Court, "The procedures outlined in App.R. 9 are designed precisely for this type of situation, where a transcript is unavailable." *In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, ¶ 14; *see also State v. McClusky*, 6th Dist. Wood No. WD-03-018, 2004-Ohio-85, ¶ 16 ("a court's failure to comply with Crim.R. 22 is not inherently prejudicial given the alternative to a transcript available under App.R. 9.").

{¶ 18} Specifically, App.R. 9(C)(1) provides a means to reconstruct the record in the absence of a transcript, stating:

> (1) If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant

objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

{¶ 19} This court has consistently held that "[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. * * * Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

{¶ 20} On appeal, McGervey acknowledges that App.R. 9 "provides a mechanism to supplement incomplete transcripts." McGervey reiterates, however, that she "is unable to recreate the record under either App.R. 9(C) or (D)" because trial counsel has a limited recollection of the proceedings and she "is unable to assist in the 'preparation of a statement of the evidence'" based on health-related issues that have impaired her recollection of the proceedings. McGervey further contends

that she has been materially prejudiced by the absence of a complete transcript, stating:

> A criminal defendant is presumed innocent until proven guilty by the state beyond a reasonable doubt. The state must present sufficient evidence during its case-in-chief to satisfy that burden. Therefore, in a case like Ms. McGervey's, where there is no audio recording of the state's entire case, it is impossible to challenge her conviction on appeal. Ms. McGervey is unable to make arguments typically raised on direct appeal due to the absence of a complete trial transcript. Possible arguments could have included sufficiency of the evidence, manifest weight, prosecutorial misconduct, discovery violations, and challenges to the testimony presented by the state's witnesses.

{¶ 21} In addressing claims analogous to those presented in this appeal, Ohio courts have recognized that the reversal of convictions and sentences on grounds of unrecorded proceedings will not occur in situations where

> "the defendant has failed to demonstrate that (1) a request was made at trial that the [proceedings] be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue."

*State v. Beltowski*, 11th Dist. Lake No. 2006-L-032, 2007-Ohio-3372, ¶ 14, quoting *State v. Palmer*, 80 Ohio St.3d 543, 554, 687 N.E.2d 685 (1997); *State v. Foster*, 3d Dist. Union No. 14-20-17, 2021-Ohio-3408, ¶ 42.

{¶ 22} Consistent with the foregoing, we find the record supports the conclusion that either the trial court led the parties to believe the bench trial was, in fact, being recorded, or a formal request was made to have the bench trial recorded pursuant to Crim.R. 22.

{¶ 23} Moreover, we are persuaded by McGervey's contention that she attempted to comply with App.R. 9 but was unable to do so despite her best efforts. In this case, appellate counsel could not assist in the reconstruction of the record because she did not represent McGervey during the trial proceedings. Additionally, appellate counsel's efforts to gather pertinent information from trial counsel proved unsuccessful due to trial counsel's inability to recall specific testimony. Finally, we find competent and credible information supports the claim that McGervey was unable to assist in the preparation of a statement of the evidence due to circumstances that are beyond her control. Although we are unable to set forth specific grounds supporting our determination given the number of restricted documents filed in this case, we emphasize that our conclusion is premised on specific information contained within the available portions of the transcript, the sealed presentence-investigation report, and the sealed mitigation report authored by the court's psychiatric clinic.

{¶ 24} With respect to McGervey's claims of material prejudice, we recognize that "the importance to meaningful appellate review of a complete, full, and unabridged transcript of the trial proceedings is well-established." *State v. Walton*, 2d Dist. Montgomery No. 20615, 2006-Ohio-1974, ¶ 13, citing *State ex rel. Spirko v. Judges of the Court of Appeals*, 27 Ohio St.3d 13, 17-18, 501 N.E.2d 625 (1986). Nevertheless, recording equipment is not infallible and is subject to unanticipated malfunctions. For this reason, "'[t]he failure of recording equipment in the trial court does not result in prejudice per se.'" *Beltowski*, 11th Dist. Lake No. 2006-L-

032, 2007-Ohio-3372, at ¶ 30, quoting *State v. Ward*, 4th Dist. Gallia No. 03CA2, 2003-Ohio-5650, ¶ 28, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978), syllabus; *see also Palmer*, 80 Ohio St.3d at 554, 687 N.E.2d 685.  Rather,

> it is incumbent upon Defendant to demonstrate how incompleteness in the record precludes effective appellate review.  A general assertion that this is so will not suffice.  Defendant must demonstrate that effective review will be precluded, and that prejudice will result from the incompleteness of the record.  *State v. Williams*, 73 Ohio St.3d 153, 652 N.E.2d 721 (1995).  Absent an indication that Defendant has been prejudiced by the absence of items from the record, reversible error has not been demonstrated.  *Id.*

*Walton* at ¶ 13.

{¶ 25} After careful consideration, we find McGervey has demonstrated that meaningful appellate review cannot be achieved in this case given the magnitude of the missing record and her inability to comply with App.R. 9.  Contrary to the circumstances addressed in *Beltowski*, *Ward*, and *Skaggs*, this is not the case where the trial transcript only contains minimal inaudible or indiscernible statements.  Rather, the entirety of the prosecution's case-in-chief is absent from the record in this case.  As stated in *State v. Cunningham*, 4th Dist. Washington No. 91 CA 30, 1993 Ohio App. LEXIS 1914 (Apr. 2, 1993):

> An accurate transcript is the lynch pin of appellate review. * * * However, where a trial court maintains a system so that, regularly and consistently, the events at trial cannot be transcribed and a proper appeal record cannot be prepared, such failure reaches constitutional proportions.  Appellate review is vitiated.

*Id.* at 11.

{¶ 26} Significantly, this court has no information concerning the identity of the witnesses presented by the prosecution, the substance of their testimonies, or

their personal knowledge of the events leading to McGervey's arrest. Nor does this court have information concerning the nature of the objections raised by defense counsel, or the evidence introduced on behalf of McGervey. Appellate counsel was equally deprived of the ability to review the contents of the trial proceedings, and, understandably, was unable to effectively assess whether it was appropriate to present assignments of error relating to specific aspects of the prosecution's case. Undoubtedly, the contents of the prosecution's case, including the sufficiency of its production or evidence and its compliance with the Ohio Rules of Criminal Procedure and Evidence, concern matters that *are* vital to a meaningful review on appeal. Under these circumstances, we find the record is inadequate for purposes of effective appellate review. We therefore conclude that material prejudice resulted from the failure to record the proceedings at issue. *See In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, at ¶ 17, quoting *State v. Brewer*, 48 Ohio St.3d 50, 61, 549 N.E.2d 491 (1990) ("'[t]he minimal effort needed to comply with Crim.R. 22 is far outweighed by the expense, in time and taxpayer money, of retrying a complex criminal case'").

{¶ 27} Finally, we are unpersuaded by the city's assertion that McGervey "has not been prejudiced by the lack of a complete trial transcript" given the clear evidence of guilt contained within the body-camera footage introduced at trial. After careful consideration, and under the limited facts presented in this case, we decline to presume regularity in the validity of the trial proceedings, including the

prosecution's introduction and admission of evidence at trial. As this court has stated,

> [I]n general, the presumption of regularity will not apply and the matter must be reheard where the transcript is mandated by law and the appellant attempts but is unable to submit a reconstructed record.

*Warrensville Hts. v. Ohio Patrolmen's Benevolent Assn.*, 8th Dist. Cuyahoga No. 89406, 2008-Ohio-2179, ¶ 39, citing *In re B.E.* at ¶ 16. "Under the facts of this case, we are unwilling to presume the validity of the juvenile court's proceedings in the absence of an App.R. 9(C) statement, as [the prosecution] urges us to do." *In re B.E.* at ¶ 16. We recognize that the authentication requirement of Evid.R. 901(A) is a low threshold. However, in the complete absence of a reviewable foundation, this court will not presume the authenticity of the body-camera video as a condition precedent to admissibility merely because the prosecution maintains on appeal that the recording is credible.

{¶ 28} McGervey's first assignment of error is sustained. Because the matter is remanded to the trial court for a new trial, the second and third assignments of error are rendered moot.

{¶ 29} Judgement vacated and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR