[Cite as *State v. Wheeler*, 2023-Ohio-2884.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220490 |
| | | C-220491 |
| Plaintiff-Appellee, | : | TRIAL NOS. 22CRB-6370A |
| | | 22CRB-6370B |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| EBONY WHEELER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 18, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Ashton Tucker*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Following a family dispute on Easter Sunday, defendant-appellant Ebony Wheeler was indicted on two counts of aggravated menacing. After a bench trial, the court found her guilty on both counts. On appeal, Ms. Wheeler argues that her due process rights were violated by the trial court's failure to provide an adequate recording of the trial proceedings pursuant to Crim.R. 22, and that her aggravated menacing convictions were not supported by sufficient evidence and ran against the manifest weight of the evidence. The state concedes the error based on the lack of a recording. After reviewing the record and applicable case law, we agree that the specific facts and circumstances of these cases—viewed in light of the state's concession of this issue—require reversal due to the inadequate recording of the trial proceeding. We therefore sustain Ms. Wheeler's first assignment of error, reverse the trial court's judgments, and remand this cause for a new trial.

I.

{¶2} In April 2022, Ms. Wheeler hosted an Easter celebration at her home. She invited her stepsisters, Constance Williams and Laura Wilcox, who arrived mid-morning lugging a bottle of tequila. The two began drinking around 11 a.m. Ms. Williams had parked her car on the neighbor's lawn, which led to a dispute with the neighbor. The situation grew disorderly as the tequila disappeared, with Ms. Williams and Ms. Wilcox both exhibiting signs of extreme intoxication. Ms. Wheeler, who ran a daycare business from her home and did not want the unruly behavior to be associated with her or her home, attempted to mitigate the situation.

{¶3} She asked Ms. Williams and Ms. Wilcox to take their Easter meals to-go. This request was not received well by the sisters, and a verbal confrontation

2

ensued. The confrontation escalated, and Ms. Williams and Ms. Wilcox prepared to fight Ms. Wheeler. Ms. Wheeler, fearing for her safety, retrieved her gun. She demanded that the sisters leave, but they refused. Ms. Williams threatened Ms. Wheeler, who then smacked a plate of food out of Ms. Wilcox's hands.

{¶4} Ms. Wilcox proceeded to head to the bathroom to wash herself up, and Ms. Wheeler followed, turning the sink water on hot to startle her. While in the bathroom, Ms. Wheeler also grabbed Ms. Wilcox's hair. At this point, Ms. Wilcox and Ms. Williams claim that Ms. Wheeler pointed her gun at them, but Ms. Wheeler denies these allegations. Following these events, Ms. Wilcox and Ms. Williams left the home, accompanied by Ms. Wilcox's boyfriend.

{¶5} Ms. Wheeler was charged with two counts of aggravated menacing under R.C. 2903.21. Following a bench trial, she was found guilty. The trial court imposed suspended sentences of 180 days and ordered six months' nonreporting community control, as well as anger management counseling and a stay-away order pertaining to both Ms. Williams and Ms. Wilcox. Ms. Wheeler now appeals.

II.

{¶6} In her first assignment of error, Ms. Wheeler contends that the trial court's failure to record certain portions of the trial proceedings rendered an incomplete record for purposes of appeal, thereby violating her due process rights. Specifically, she emphasizes that the trial transcript does not include Ms. Wilcox's direct examination. The state, for its part, agrees that Ms. Wheeler's convictions should be reversed and a new trial ordered.

{¶7} Pursuant to Crim.R. 22, in petty offenses, all proceedings shall be recorded if requested by any party. (The parties do not dispute that, as it pertains to

3

Crim.R. 22, the offense of aggravated menacing constitutes a petty offense.) But reversals of convictions on grounds of unrecorded proceedings will not occur in situations where " 'the defendant has failed to demonstrate that (1) a request was made at trial that the [proceedings] be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue.' " *City of Cleveland v. McGervey*, 2022-Ohio-3911, 200 N.E.3d 367, ¶ 21 (8th Dist.), quoting *State v. Beltowski*, 11th Dist. Lake No. 2006-L-032, 2007-Ohio-3372, ¶ 14. We review this issue de novo, as it presents a due process concern that raises a question of law. *See State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 16.

{¶8} First, the record on appeal does not contain a written request by either party for the trial proceedings to be recorded. Given the deficiencies in the record, we cannot conclude with certainty whether a request was orally made. *See McGervey* at ¶ 16. However, we do know that the court's recording system was utilized during Ms. Wheeler's trial, but the recording was delayed and only captured part of the trial (for reasons undisclosed by the record). Therefore, we can safely assume—consistent with the state's concession—that a party requested that the proceedings be recorded or otherwise relied on an agreement that the proceedings were being recorded. *See id.* (where the record did not contain a written request for the trial proceedings to be recorded, but the court held that the record indicated an implied request for recording in compliance with Crim.R. 22 due to the fact that the recording system was utilized at some point after the commencement of the trial).

{¶9} Turning to the second question, the Ohio Supreme Court has recognized, "[t]he procedures outlined in App.R. 9 are designed precisely for this type of situation, where a transcript is unavailable." *In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, ¶ 14. Specifically, App.R. 9(C)(1) provides a means to reconstruct the record in the absence of a transcript:

> If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. * * * The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

{¶10} In this case, the transcript of proceedings of Ms. Wheeler's bench trial begins with the cross-examination of Ms. Wilcox. Ms. Wilcox's direct testimony was not transcribed by virtue of the failure to record the start of the trial. Pursuant to App.R. 9(E), the trial court adopted a stipulated set of facts in an attempt to complete the record. But despite the inclusion of these facts, the trial court certified that the record remained incomplete and could not be completed. Ms. Wheeler has therefore demonstrated that an effort was made on appeal to comply with App.R. 9.

{¶11} Third and finally, we address Ms. Wheeler's claims of material prejudice. This "he said/she said" case hinged entirely on witness credibility, so the

5

omission of Ms. Wilcox's direct examination from the transcript undermines Ms. Wheeler's ability to present her arguments on appeal. As the state acknowledges in its brief, Ms. Wheeler is therefore deprived of the opportunity to substantively contest critical aspects of her case on appeal, sufficing to establish material prejudice.

{¶12} In light of the foregoing analysis—particularly acknowledging the state's concession as well as the trial court's finding that the record was incomplete and could not be rectified by App.R. 9—we sustain Ms. Wheeler's first assignment of error. Ms. Wheeler is entitled to a new trial at which the trial court complies with the mandates of Crim.R. 22.

\*      \*      \*

{¶13} In light of the foregoing analysis, we sustain Ms. Wheeler's first assignment of error, reverse the trial court's judgments, and remand this cause for a new trial consistent with this opinion and the law. Her remaining assignments of error are moot and we decline to address them. *See* App.R. 12(A)(1)(c).

Judgments reversed and cause remanded.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.